FILED'10 MAR 25 07:57 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

HOMESALES INC., OF DELAWARE,

           Plaintiff,

   v.

DAVID A. GREENE,

           Defendant.

Case Number CV 10-3024-CL

**REPORT & RECOMMENDATION**

Clarke, Magistrate Judge:

      Defendant David A. Greene ("Defendant"), proceeding *pro se*, filed a Notice of Removal (#2) of a residential eviction complaint filed by Plaintiff Homesales, Inc. of Delaware ("Plaintiff") in Josephine County Court. (Notice of Removal 3.) Defendant alleges jurisdiction in federal court on the basis of diversity. (Notice of Removal 1.) He has also filed an application to proceed *in forma pauperis* ("IFP application"). (Dkt. No. 1).

      For the reasons set forth below, the court recommends that abstention is appropriate. This action should be remanded to state court. Defendant's IFP application is moot.

Report & Recommendation 1

I.  **Procedural Background**

On November 8, 2007, a notice of default was recorded in Josephine County because the grantor, here the Defendant, defaulted on his obligations on a trust deed for the property on 776 Baily Drive, Grants Pass, Oregon. (Notice of Removal 7.) The Notice of Default contained an election to sell the property and foreclose on the trust deed by advertisement and sale to satisfy grantor's obligations.

Plaintiff purchased the property at public auction from the trustee Northwest Trustee Service in March 2008. (Notice of Removal 8.) Plaintiff then filed a claim in Josephine County Circuit Court on March 2, 2010, to evict Defendant. A summons was issued ordering Defendant to appear on March 22, 2010. Plaintiff's complaint asserts that it is entitled to possession of property because "former owner of property in foreclosed property." (Notice of Removal 4.) This was a forcible entry and detainer (FED) action under Or. Rev. Stat. §§ 105.105 through 105.168.

On March 16, 2010, Defendant filed this notice of removal and IFP application. Plaintiff has filed no documents with the federal court at this time. It is unknown to this court what transpired at the March 22, 2010 hearing.

II. **Legal Standards**

The removal statute is strictly construed against removal jurisdiction. If there is any doubt as to the right of removal, federal jurisdiction must be rejected. Gaus v. Miles, Inc., 980 F. 2d 564, 566 (9th Cir. 1992) (per curiam); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Because of this strong presumption against removal jurisdiction, the defendant has the burden of establishing that removal was proper. Gaus, 980 F.2d at 566; Duncan, 76 F.3d at

Report & Recommendation 2

1485. Lack of subject matter jurisdiction may be raised by the court on its own motion.[1]

Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group, 823 F.2d 302, 303 (9th Cir. 1987), overruled on another ground by Paddington v. Gedan, 923 F.2d 686 (9th Cir. 1991); Tanzymore v. Bethlehem Steel Corp., 457 F.2d 1320, 1323 (3d Cir. 1972). Generally a defendant may remove an action to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332. 28 U.S.C. § 1446.

### III. The Court Should Abstain from Exercising Jurisdiction and Remand the Case to State Court

Defendant filed this Notice of Removal, asserting the elements of diversity jurisdiction, though Defendant did not assert this jurisdiction by name. He asserted diversity between himself as Defendant, a resident of the State of Oregon, and Plaintiff, as a Delaware-based corporation. (Notice of Removal ¶2.) He also asserted that the amount in controversy exceeded $75,000, as required un 28 U.S.C. § 1332. (Notice of Removal ¶ 2.)

#### A. The Abstention Principle Is Appropriate When the Claim Involves Basic Issues of State Policy

The Supreme Court explained in Burford v. Sun Oil, 319 U.S. 315 (1933) that the federal

---

[1] The court notes that the removal statute provides that an action other than one founded on federal question jurisdiction "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is pending." 28 U.S.C. § 1441(b). However, this forum defendant rule is procedural and not jurisdictional, and the court may not raise the issue *sua sponte* as a ground for remand. Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 936, 939, 942 (9th Cir. 2006), cert. denied, 549 U.S. 1207 (2007).
    Claims violating the forum defendant rule should not be dismissed under 28 U.S.C. § 1915, Proceedings *in forma pauperis*, either. Section 1915(e)(2) authorizes the court to dismiss a claim from a party seeking IFP status at any time if "the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A defect in a procedural rule does not make the claim frivolous or malicious, it does not mean that the claim cannot be granted relief, and it does not implicate a party who has immunity. On the issue of the forum defendant rule alone, the claim should neither be dismissed sua sponte nor remanded.

Report & Recommendation 3

court may exercise its discretion, whether the Court has jurisdiction under diversity or otherwise, and "'refuse to enforce or protect legal rights, the exercise of which may be prejudicial to the public interest . . .'" 319 U.S. 315, 317-18 (1933), quoting U.S. v. Dern, 289 U.S. 352, 360 (1933). Abstention evolves from "scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary." Id., 319 U.S. at 332 (citations omitted). "[W]hen an issue 'clearly involves basic problems of [state] policy[,] . . . equitable discretion should be exercised to give the [state] courts the first opportunity to consider them.'" Fireman's Fund Ins. Co. v. Quackenbush, 87 F.3d 290, 296 (9th Cir. 1996) quoting Burford, 319 U.S. at 332. "[A]bstention is particularly appropriate when dealing with a complicated comprehensive regulatory statute intended to strike a balance between differing local interests." Moos v. Wells, 585 F.Supp. 1348, 1350 (S.D. New York 1984) (citations omitted).

    The Ninth Circuit requires specific factors to be present before applying the Burford abstention principle: "(1) that the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) that federal review might disrupt state efforts to establish a coherent policy." Tucker v. First Maryland Savings & Loan, Inc., 942 F.2d 1401, 1405 (9th Cir. 1991) citing Knudsen Corp. v. Nevada State Dairy Comm'n, 676 F.2d 374, 377 (9th Cir. 1982). Burford only applies to equitable actions. Space Age Fuels, Inc. v. Standard Oil Co. of California, 1996 WL 160741 (D.Or.).

    **B.**    **Defendant Removed a FED Action That Concerns State Public Policy**

    Under a FED action, "the person entitled to the premises may maintain in the county where the property is situated an action to recover the possession of the premises in the circuit

Report & Recommendation 4

court or before any just of the peace of the county." Or. Rev. Stat. § 105.110. Foreclosure or trustee's sales invoke FED actions under Oregon Law:

> The purchaser at the trustee's sale shall be entitled to possession of the property . . . and any persons remaining in possession after that day under any interest, except one prior to the trust deed or created voluntarily by the grantor or successor of the grantor, shall be deemed to be tenants at sufferance. All persons not holding under an interest prior to the trust deed may be removed from possession by following the procedures set out in [Oregon FED statute]. . ."

Or. Rev. Stat. § 86.755(5). "[A]n action of forcible entry and detainer is a special statutory proceeding, in derogation of the common law." Purcell v. Edmunds, 175 Or. 68, 70 (1944).

Plaintiff filed its "Residential Eviction Complaint" Case No. 100057C on March 2, 2010, in Josephine County Circuit Court. Defendant removed this FED action, brought pursuant to a trust deed foreclosure.

This FED action is regulated by state law, specifically Or. Rev. Stat. §§ 105.105 through 105.168, which provides such actions to be brought in Oregon circuit court. Or. Rev. Stat. § 105.110; see Tucker, 942 F.2d at 1405. The Burford abstention principles apply, and the state court should be given the opportunity to resolves this issue. See Fireman's Fund Ins. Co., 87 F.3d at 296.

V.  **Conclusion**

This FED action involves a state regulatory statue and important state policy issues. The court should abstain and remand the case to state court. Defendant's IFP application is accordingly moot.

VI.  **Recommendation**

The Court recommends remanding the case to State Court.

_This recommendation is not an order that is immediately appealable to the Ninth Circuit_

Report & Recommendation 5

*Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due by April 12, 2010 If objections are filed, any responses to the objections are due within 17 days*, see *Federal Rules of Civil Procedure 72 and 6*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 25 day of March, 2010.

MARK D. CLARKE

United States Magistrate Judge

Report & Recommendation 6