FILED'10 APR 19 11:43 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HOMESALES INC. OF DELAWARE,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID A. GREENE,<br><br>    Defendant. | Civ. No. 10-3024-CL<br><br>**ORDER** |

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation, and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). When either party objects to any portion of a Magistrate Judge's Findings and Recommendation, this court must make a de novo determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F. 2d 1309, 1313 (9th Cir. 1981).

    Here, defendant objects to the Report and Recommendation. I

1 - ORDER

have, therefore, given this matter de novo review.

**DISCUSSION**

Plaintiff brought this action in Josephine County Circuit Court, seeking relief under the forcible entry and detainer (FED) statutes, Or. Rev. Stat. §§ 105.105 - 105.168. Defendant removed the action to this court, asserting diversity jurisdiction. As Judge Clarke correctly notes, the removal statutes are strictly construed against removal, and the defendant bears the burden of showing removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).

**I. Diversity Jurisdiction**

For diversity jurisdiction to exist, more than $75,000 must be at issue. 28 U.S.C. § 1332(a). In FED actions, the issue is right of possession. Bunch v. Pearson, 186 Or. App. 138, 142, 62 P.3d 878, 880 (2003). On the face of the complaint, there is no indication that more than $75,000 is at stake. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Because defendant has not shown the amount in controversy exceeds $75,000, this court lacks diversity jurisdiction.

**II. Federal Question Jurisdiction**

In his objections to the Report and Recommendation, defendant argues the FED action violates his substantive due process rights and that Oregon law prevents him from bringing counterclaims.

A defendant's assertion of a federal defense generally is not enough to create federal question jurisdiction. Under the well-

2 - ORDER

pleaded complaint rule, "a claim arises under federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" <u>Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1243 (9th Cir. 2009) (quoting <u>Valles v. Ivy Hill Corp.</u>, 410 F.3d 1071, 1075 (9th Cir. 2005)). Plaintiff's complaint presents no federal questions on its face, so this court lacks federal question jurisdiction.

Because this court lacks subject matter jurisdiction, I will not address whether this court should abstain from asserting jurisdiction under <u>Burford v. Sun Oil</u>, 319 U.S. 315 (1943).

## CONCLUSION

This action is remanded to the Josephine County Circuit Court. The Clerk of the Court is directed to send the file of this action to the state court. Defendant's application to proceed in forma pauperis (#1), and the Report and Recommendation (#5), are moot.

IT IS SO ORDERED.

DATED this  19  day of April, 2010.

OWEN M. PANNER
U.S. DISTRICT JUDGE

3 - ORDER